GARO MARDIROSSIAN, State Bar No. 101812
LAWRENCE D. MARKS, State Bar No. 153460
ADAM FEIT, State Bar No. 267965
**MARDIROSSIAN & ASSOCIATES, INC.**
6311 Wilshire Boulevard
Los Angeles, California 90048-5001
Tele: (323) 653-6311
Fax: (323) 651-5511
afeit@garolaw.com

Attorneys for plaintiff MARK ZERBY

FILED
2011 AUG -3 PM 2: 42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ZERBY, an individual<br><br>Plaintiff,<br>vs.<br>CITY OF LONG BEACH; LONG BEACH POLICE DEPARTMENT; JIM MCDONNELL, individually and as Chief of Police; and DOES 1 through 10, individually and as a peace officer, inclusive,<br><br>Defendants. | Civil Action No.: CV11-06379 PA (MRWx)<br><br>**COMPLAINT**<br>1. Substantive Due Process (42 U.S.C. § 1983)<br>2. Unlawful Custom, Policy & Practice (42 U.S.C § 1983)<br>3. Wrongful death (Civ. Proc. Code § 377.60(b))<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARK ZERBY, individually, alleges against defendants CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, JIM MCDONNELL, individually and as Chief of Police, and DOES 1 through 10, individually and as a peace officer, inclusive, as follows:

- 1 -

COMPLAINT

## JURISDICTION AND VENUE

1. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## PARTIES

3. At all relevant times, decedent DOUGLAS ZERBY was an individual residing in County of Los Angeles, California.

4. At all relevant times, Plaintiff MARK ZERBY was and is a citizen of the United States, residing in County of Los Angeles, State of California. Plaintiff MARK ZERBY is the father of decedent, DOUGLAS ZERBY, and was dependent upon decedent at the time of decedent's death for the necessaries of life, including but not limited to support that aided plaintiff MARK ZERBY in obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without.

5. At all times herein mentioned, defendant CITY OF LONG BEACH was and is a public entity duly organized and existing as such under the laws of and in the State of California. Defendant LONG BEACH POLICE DEPARTMENT is an agency of Defendant CITY OF LONG BEACH and Defendant CITY OF LONG BEACH is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, (1978) 436 U.S. 658, 691. Under California Government Code § 815.2(a), Defendant CITY OF LONG BEACH is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer defendants.

6. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to plaintiff who therefore sues said defendants by such fictitious names, and plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.

7. At all times herein mentioned, DOES 1 through 10, inclusive, were and now are, each duly appointed peace officers and ranking officers and employees of defendants LONG BEACH POLICE DEPARTMENT and CITY OF LONG BEACH, qualified and acting under color of state law, and as the employee, agent and representative of every other defendant.

8. Defendant JIM MCDONNELL is the Police Chief of the LONG BEACH POLICE DEPARTMENT, an agency of the CITY OF LONG BEACH. Plaintiff is informed and believes and based thereon alleges that defendant JIM MCDONNELL is responsible for implementing, maintaining, sanctioning, or condoning policies, customs and/or practices under which other defendants committed the illegal or wrongful acts hereinafter complained of. By reason of these policies, practices and/or customs, defendant JIM MCDONNELL is liable for the damages hereinafter complained of. Plaintiff sues defendant JIM MCDONNELL in both his official and personal capacity.

9. At all times herein mentioned, each and every defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein.

10. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

11. Plaintiff MARK ZERBY hereby demands trial by jury.

12. On May 16, 2011, plaintiff presented to defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT a Government Claim based on the acts, omissions, damages and injuries herein complained of, a true and correct copy of which is attached hereto as Exhibit A. On June 30, 2011, defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT failed to act on the claim within the period of 45 days after its presentation, and the claim was thus deemed rejected, under the provisions of Government Code § 912.4, at the expiration of the 45-day period, to wit, on June 30, 2011.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 12 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

14. On the afternoon of December 12, 2010, DOUGLAS ZERBY, deceased, was sitting on a porch landing holding a water nozzle handle. A neighbor mistook the water nozzle handle for a weapon, and called 911. DOES 1 through 10 arrived on the scene and without cause or justification, and acting under color of law, DOES 1 through 10, individually and as a peace officer, intentionally and knowingly shot the decedent, DOUGLAS ZERBY, causing his death.

15. DOES 1 through 10 shot DOUGLAS ZERBY, deceased, at least twelve times, from a distance of approximately 12-15 feet away.

16. At all times prior to the shooting, DOUGLAS ZERBY, deceased, was unarmed.

17. At no time prior to the shots being fired did DOES 1 through 10 ask the neighbor what why he called or what he observed.

18. At no time prior to the shots being fired did DOES 1 through 10 ever announced their presence to DOUGLAS ZERBY, deceased. DOES 1 through 10 did not speak to DOUGLAS ZERBY, deceased, at all.

19. At no time prior to the shots being fired did DOES 1 through 10 ever identify themselves as police officers.

20. At no time prior to the shots being fired did DOES 1 through 10 ever order DOUGLAS ZERBY, deceased, to drop anything.

21. At no time prior to the shots being fired did DOES 1 through 10 ever warn DOUGLAS ZERBY, deceased, that they were going to shoot him or give him any commands.

22. Rather, DOES 1 through 10 shot and killed DOUGLAS ZERBY, deceased, without any warning or justification.

23. On information and belief, DOUGLAS ZERBY, deceased, had not committed any crime. DOES 1 through 10 had neither reasonable suspicion to detain DOUGLAS ZERBY, deceased, nor probable cause to arrest him. On information and belief, DOES 1 through 10 had no information that DOUGLAS ZERBY, deceased, had committed a felony.

24. At the time of the shooting, DOUGLAS ZERBY, deceased, was unarmed and posed no imminent threat of death or serious physical injury to either DOES 1 through 10, nor to any other person. The use of deadly force was excessive and objectively unreasonable under the circumstances. The only object found on the staircase after the shooting was a water nozzle handle. Given that DOUGLAS ZERBY, deceased, was unarmed and given the number of shots fired without warning, the use of deadly force by DOES 1 through 10 demonstrated a deliberate indifference to the health and safety of DOUGLAS ZERBY, deceased, that shocks the conscience.

25. Immediately after shooting DOUGLAS ZERBY, deceased, DOES 1 through 10 dragged his body from the landing area of the porch to the bottom of the steps. Paramedics were not permitted to treat DOUGLAS ZERBY, deceased, for at least fifteen minutes, and potentially longer after the shooting.

26. By reason of the acts and omissions of defendants, on December 12, 2010, DOUGLAS ZERBY, deceased, suffered multiple wounds to his chest, abdomen, arms and legs, shock to his nervous system, severe pain and anguish until his death on that date, all to plaintiff MARK ZERBY's damage in an amount according to proof.

27. DOES 1 through 10, individually and as a peace officer, were present at the scene and intentionally and knowingly permitted the unprovoked and unjustified killing of DOUGLAS ZERBY, deceased, by failing to prevent it when circumstances were such that they could.

28. DOES 1 through 10, individually and as a peace officer, inclusive, then conspired among themselves to justify their bad faith excessive use of force and hide the true cause of DOUGLAS ZERBY's death.

29. These acts of defendants constituted excessive and deadly force which caused plaintiff MARK ZERBY special and general damages, physical injuries and extreme emotional distress. Further the acts of DOES 1 through 10, individually and as a peace officer, inclusive, deprived plaintiff MARK ZERBY and DOUGLAS ZERBY, deceased, of rights secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that defendants deprived DOUGLAS ZERBY of his right to be free in his person against unreasonable search and seizure, his right to be free from infliction of cruel and unusual punishment, and his right not to be deprived of life, liberty and property without due process of law.

30. At all times herein mentioned defendants were acting under the color of one or more statutes, laws, regulations, customs, practices and usages of the State of California, County of Los Angeles, the City of Long Beach, and the Long Beach Police Department.

31. The aforesaid acts and omissions of defendants were done knowingly, intentionally and for the purpose of depriving plaintiff MARK ZERBY and

DOUGLAS ZERBY, deceased, of their constitutional rights in reckless and callous disregard of the same, and by reason thereof, plaintiff MARK ZERBY claims exemplary and punitive damages against each individual defendant (and not against defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT) in an amount according to proof.

## FIRST CLAIM FOR RELIEF

### (Substantive Due Process – 42 U.S.C. § 1983)

### [Against defendants DOES 1 through 10, individually and as peace officer, inclusive]

32. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 31 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

33. Plaintiff MARK ZERBY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in plaintiff's familiar relationship with his son, DOUGLAS ZERBY, deceased.

34. Plaintiff MARK ZERBY was dependent upon his son, DOUGLAS ZERBY, deceased, at the time of decedent's death for the necessaries of life, including but not limited to support that aided plaintiff MARK ZERBY in obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without.

35. DOUGLAS ZERBY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

36.  As a direct and legal result of the excessive force by DOES 1 through 10, individually and as peace officer, inclusive, and failure to intervene, DOUGLAS ZERBY died. Plaintiff MARK ZERBY was thereby deprived of his constitutional right of familiar relationship with DOUGLAS ZERBY, deceased.

37.  DOES 1 through 10, individually and as peace officer, inclusive, acting under color of state law, thus violated the Fourteenth Amendment right of plaintiff MARK ZERBY to be free from unwarranted interference with the familiar relationship with DOUGLAS ZERBY.

38.  The above described actions of DOES 1 through 10, individually and as peace officer, inclusive, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of plaintiff MARK ZERBY and DOUGLAS ZERBY, deceased, and with purpose to harm unrelated to and unjustified by any legitimate law enforcement objective.

39.  As a direct result and legal result of the acts of DOES 1 through 10, individually and as peace officer, inclusive, plaintiff MARK ZERBY has suffered extreme and severe mental anguish and pain and has been injured in mind and body, and has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DOUGLAS ZERBY, deceased, and will continue to be so deprived for the remainder of his natural life. Plaintiff MARK ZERBY is also claiming funeral and burial expenses and a loss of financial support.

40.  The conduct of DOES 1 through 10, individually and as peace officer, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of plaintiff MARK ZERBY and DOUGLAS ZERBY, deceased, and therefore warrants the imposition of exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF

(Unlawful Custom, Policy & Practice – 42 U.S.C. § 1983)

[Against defendants CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, JIM MCDONNELL, individually and as Police Chief, and DOES 1 through 10, individually and as peace officer, inclusive]

41. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 40 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

42. Plaintiff is informed and believes and thereon alleges that on or about December 12, 2010, and for at least five years prior thereto, defendants CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, Police Chief JIM MCDONNELL, and DOES 1 through 10, inclusive, and each of them, established, maintained, enforced and applied a custom, policy and practice of using and permitting the use of unnecessary, unreasonable and deadly force by:

(a) Condoning a peace officer code of silence throughout the Department;

(b) Failing to discipline officers who engage in the use of unnecessary or excessive force;

(c) Failing to adequately supervise and control officers known, or who reasonably should have been known, to have used unnecessary or excessive force;

(d) Assigning officers known, or who reasonably should have been known, to have violent propensities to duties which enables such officers to continue to use unnecessary or excessive force;

(e) Conducting investigations of officers involved in misconduct, including use of excessive force, false arrests and criminal conspiracies, in such a manner as to obfuscate officer culpability;

(f) Training officers for the CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT in a manner which promotes attitudes and behavior

- 9 -
COMPLAINT

among the administration and rank and file inconsistent with a civilian police force;

Thereby proximately causing injuries to members of the public, including plaintiff in violation of the First, Fourth, Fifth and Fourteenth Amendments of the Constitution.

43. Plaintiff is informed and believes and thereon alleges that at the time of the incidents alleged above and prior thereto, the CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, Police Chief JIM MCDONNELL, DOES 1 through 10, and other supervisory officers of the CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT, as yet unknown to plaintiff, knew or should have known that DOES 1 through 10, inclusive, and each of them, are dishonest and corrupt individuals and would use excessive or deadly force, and failed to properly train, supervise, investigate, regulate or discipline them. These failures and the aforementioned practices, policies and customs were and are the proximate cause of the death to decedent DOUGLAS ZERBY and the injuries suffered by plaintiff MARK ZERBY.

44. Plaintiff is informed and believe and thereon alleges that at the time of the incident alleged above, prior and subsequent thereto, the LONG BEACH POLICE DEPARTMENT had (A) inadequate use of force guidelines on the use of deadly force; (B) the training and supervision of police officers in the use of force and deadly force by the LONG BEACH POLICE DEPARTMENT was and is grossly inadequate; and (C) Use of Force regulations were and are routinely ignored or perverted to justify virtually all uses of force as being within policy. These failures were and are the proximate cause of death to decedent DOUGLAS ZERBY and the injuries suffered by plaintiff MARK ZERBY.

45. The aforesaid acts and omissions of defendants were done knowingly, intentionally and for the purpose of depriving decedent DOUGLAS ZERBY and plaintiff MARK ZERBY of their constitutional rights.

46. By reason of the aforesaid acts and omissions of defendants, plaintiff MARK ZERBY was required to and did retain an attorney to institute and prosecute the within action and to render legal assistance to plaintiff in order that he may vindicate the loss and impairment of rights and by reason thereof, plaintiff requests payment by defendants of wrongful death damages and a reasonable sum for attorneys fees.

## THIRD CLAIM FOR RELIEF
### (Wrongful death – Civ. Proc. Code § 377.60(b))
### [Against CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, JIM MCDONNELL, individually and as Chief of Police, and DOES 1 through 10, individually and as a peace officer, inclusive]

47. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 46 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

48. Plaintiff MARK ZERBY brings this action for wrongful death pursuant to the provisions of Code of Civil Procedure § 377.60(b) in that, at the time of decedent DOUGLAS ZERBY's death, plaintiff MARK ZERBY was dependent upon decedent for the necessaries of life, including but not limited to support that aided plaintiff MARK ZERBY in obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without.

49. At or about the aforementioned time, date and place, DOES 1 through 10, individually and as a peace officer, intentionally, negligently and recklessly shot DOUGLAS ZERBY to death thereby depriving decedent of his life without due process of law in violation of his Constitutional rights under the First, Fourth and Fourteenth Amendments and the Constitution of the State of California.

50. On and for some time before December 12, 2010, defendants CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, JIM MCDONNELL, individually and as Chief of Police, and DOES 1 through 10, individually and as a

peace officer, inclusive, and each of them, negligently and carelessly employed, retained, trained, supervised, assigned, controlled and negligently and carelessly failed to adequately discipline DOES 1 through 10, individually and as a peace officer, inclusive, who defendants CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, JIM MCDONNELL, individually and as Chief of Police, and DOES 1 through 10, individually and as a peace officer, inclusive, and each of them, at all times material herein knew or reasonably should have known had dangerous and dishonest propensities for abusing their authority and for using excessive and punitive force and violence and for falsifying their accounts and reports of their actions, especially where force was used by said defendants.

51. By reason of the aforesaid acts and omissions of defendants, plaintiff has been and will forever be deprived of the love, affection, society, companionship, support and pecuniary benefits of decedent, all to plaintiff's damages according to proof at trial.

52. As a further proximate result of the aforesaid acts and omissions by defendants and the death of decedent, plaintiff has incurred funeral and burial expenses in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff prays for judgment on all causes of action against defendants, and each of them, as follows:

1. For general damages in a sum according to proof;
2. For special damages according to proof;
3. For interest on all economic damages in the legal amount from December 12, 2010 to the date of judgment;
4. For punitive damages and treble damages as provided by law against each individual defendant;
5. For attorney's fees pursuant to 42 U.S.C. § 1988;

6. For costs of suit incurred herein; and
7. For such other and further relief as the court may deem proper.

Dated: 8/1/2011

MARDIROSSIAN & ASSOCIATES, INC.

By: _____
Garo Mardirossian, Esq.
Lawrence D. Marks, Esq.
Adam Feit, Esq.
*Attorneys for Plaintiff*

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

### CV11- 6379 PA (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| MARK ZERBY <br><br> *Plaintiff* <br> v. <br> CITY OF LONG BEACH, <br> SEE ATTACHED <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. CV 11-06379 PA (MRWx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CITY OF LONG BEACH; LONG BEACH POLICE DEPARTMENT; JIM MCDONNEL; DOES 1 through 10
333 West Ocean Boulevard
Long Beach, CA 90802

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARDIROSSIAN & ASSOCIATES, INC.
Garo Mardirossian, Esq.; Lawrence D. Marks, Esq.; Adam Feit, Esq.
6311 Wishire Boulevard
Los Angeles, CA 90048-5001
Telephone: (323) 653-6311 / Facsimile: (323) 651-5511
E-mail: afeit@garolaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: AUG - 4 2011

*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARK ZERBY

**DEFENDANTS**
CITY OF LONG BEACH; LONG BEACH POLICE DEPARTMENT; JIM MCDONNEL, individually and as CHIEF OF POLICE; and DOES 1 through 10, individually and as a peace officer, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MARDIROSSIAN & ASSOCIATES, INC.
6311 Wilshire Boulevard, Los Angeles, CA 90048-5001
(323) 653-6311

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C § 1983, Substantive due process, unlawful custom, policy & practice, wrongful death

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☒ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-06379 PA (MRWx)

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                CIVIL COVER SHEET                Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): SACV11-00536

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| MARK ZERBY; County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CITY OF LONG BEACH: County of Los Angeles<br>LONG BEACH POLICE DEPARTMENT: County of Los Angeles<br>JIM McDONNELL: County of Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date August 1, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |